Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFEREY HUNT, | Case No. 2:20-cv-02021-KJM-KJN |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| SYNCHRONY BANK; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION LLC; and DOES 1-10, inclusive, | |
| Defendant(s). | |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Any applicable Local Rules will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – Attorney's Eyes Only."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association,

or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – Attorney's Eyes Only."

2.14 <u>Types of Information Eligible for Protection:</u>  As used in this Order, "Protected Material" means information designated as "CONFIDENTIAL" or "CONFIDENTIAL – Attorney's Eyes Only" by the Producing Party that falls within one or more of the following categories: (1) information prohibited from disclosure by statute; (2) information and all documents, transcripts and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), that reveals trade secrets; (3) research, development, technical, commercial, financial, credit reporting or insurance information that the party has maintained as confidential; (4) personal identity information; (5) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (6) personnel or employment records of a person who is not a party to the case; or (7) other proprietary information belonging to the defendants.  Information or documents that are available to the public may not be designated as Protected Material.

2.15 <u>Receiving Party:</u>  a Party that receives Disclosure or Discovery

Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

///

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – Attorney's Eyes Only" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL — Attorneys' Eyes Only" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). The Parties may also designate portions of answers to interrogatories

and responses to requests for admission that they deem "CONFIDENTIAL —

Attorneys' Eyes Only" when the answers and responses are served.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – Attorney's Eyes Only." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Designation of CONFIDENTIAL or CONFIDENTIAL – Attorneys' Eyes Only in Deposition Transcripts.  Any deposition or portion thereof during which confidential information is being disclosed shall be taken in camera without any persons in attendance other than the witnesses and those persons described in Section 7.2 for "Confidential" information and Section 7.3 for "CONFIDENTIAL – Attorneys' Eyes Only" information.  At the time of the deposition if possible, but not later than 21 days after the deposition transcript becomes available, counsel

shall designate those portions of the deposition testimony which they deem "CONFIDENTIAL" or "CONFIDENTIAL – Attorneys' Eyes Only."

5.4    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging

and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their

dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material

in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well

as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement

to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "CONFIDENTIAL – Attorney's Eyes Only" Information or Items</u>.

(a) Except with the prior written consent of the individual or entity designating a document or portions of a document as "CONFIDENTIAL - Attorneys Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "CONFIDENTIAL - Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "CONFIDENTIAL - Attorneys Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (1) the Court and its officers; (2) the Plaintiff; (3) specifically retained counsel for the parties,

whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (4) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (5) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (6) experts specifically retained as consultants or expert witnesses in connection with this litigation.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "CONFIDENTIAL – Attorney's Eyes Only" that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – Attorney's Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – Attorney's Eyes Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief

provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive

to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

A party or non-party who discovers that it has inadvertently disclosed or produced documents designated "CONFIDENTIAL" or "Confidential –

Attorneys' Eyes Only" must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived. In the event that any Document, Testimony, or Information that is subject to a "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production promptly of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" or "CONFIDENTIAL - Attorneys' Eyes Only" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "CONFIDENTIAL" or "Attorneys' Eyes Only" materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify

the producing Party in writing of such destruction within two business days of the destruction. This provision is not intended to apply to any inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges.

The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not be deemed a waiver of the producing party's claims of confidentiality. If a party inadvertently or unintentionally produces any confidential document or information without marking or designating it as such, the party may, promptly upon discovery, furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed confidential and should be treated as such in accordance with the provisions of this Order. Each person receiving such a notice must treat the inadvertently produced, confidential information as confidential. If the inadvertently produced, confidential information has been disclosed prior to the receipt of such notice, the party that made the disclosure shall promptly notify the party providing notice of inadvertent disclosure in writing.

///

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. **MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on

any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with all applicable Local Rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated**:** April 29, 2021          **Law Offices of Todd M. Friedman, P.C.**

By:   /s/ Todd M. Friedman
       Todd M. Friedman, Esq.
       Attorney for Plaintiff

Dated**:** April 29, 2021

By:   /s/ Steven Warner (as authorized on
April 27, 2021)
Steven Warner
Attorney for Defendant Synchrony
Bank

Dated**:** April 29, 2021

By:   /s/ Eric E. Suits (as authorized on
April 22, 2021)
Eric E. Suits
Attorney for Defendant Equifax
Information Services LLC

Dated**:** April 29, 2021

By:   /s/ Pamela C. Acebo (as authorized
on April 16, 2021)
Pamela C. Acebo
Attorney for Defendant Experian
Information Solutions, Inc.

Dated**:** April 29, 2021

By:   /s/ Nicholas C. Naum (as authorized
on April 16, 2021)
Nicholas C. Naum
Attorney for Defendant TransUnion
LLC

**ORDER**

The court has reviewed the parties' stipulated protective order, and finds it comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1(c);[1] see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) (requiring a showing of good cause for protective orders). This version of the protective order lists categories of information sought to be protected, including trade secret and proprietary information and documents with personal identity information. Therefore, the court APPROVES the protective order subject to the following clarification.

This court's Local Rules indicate that once this action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction for disputes concerning protective orders after closure of the case. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017). Based on this rationale, the court will not retain jurisdiction in this case once the case is closed.

Dated: April 29, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hunt.2021

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:

    (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

    (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

    (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type full address and

telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____